# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLAWAY GOLF COMPANY<br><br>        Plaintiff,<br><br>v.<br><br>ACUSHNET COMPANY,<br><br>        Defendant. | C.A. No. 09-131-SLR<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO ACUSHNET COMPANY'S COUNTERCLAIMS

Defendant Callaway Golf Company ("Callaway Golf") answers the Counterclaims in Acushnet Company's ("Acushnet") Answer and Counterclaim to Callaway Golf's Complaint and Demand for Jury Trial as follows:[1]

### PARTIES AND JURISDICTION

72. Callaway Golf admits the allegations in paragraph 72.

73. Callaway Golf admits the allegations in paragraph 73.

### JURISDICTION AND VENUE

74. Callaway Golf admits that this Court has subject matter jurisdiction over this dispute.

75. Callaway Golf admits that it is subject to personal jurisdiction in this District.

76. Callaway Golf admits that venue is proper in this District.

### FACTUAL ALLEGATIONS AND BACKGROUND

77. Callaway Golf is without knowledge or information sufficient to form a belief as

---

[1] To the extent any of Acushnet's allegations are not otherwise addressed herein, they are denied.

1

to the truth of the allegations in paragraph 77, and on that basis denies them.

78.     Callaway Golf is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and on that basis denies them.

79.     Callaway Golf admits that the '673 patent issued in 1994, that Shenshen Wu was named on the patent as the inventor, that Acushnet is named as the Assignee, and that the '673 patent states "Continuation of Ser. No 556,905, July 20, 1990, abandoned."  Callaway Golf further admits that at some point Acushnet introduced a wound ball called the Professional.  Callaway Golf is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79, and on that basis denies them.

80.     Callaway Golf is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 80, and on that basis denies them.  Callaway Golf denies the remaining allegations in paragraph 80.

81.     Denied.

82.     Callaway Golf admits that in 2003 it acquired intellectual property assets from The Top-Flite Golf Company (previously know as "Spalding Sports Worldwide Inc.") ("Spalding").  Among the assets that Callaway Golf acquired from Spalding were the Sullivan I and Sullivan II patents, which cover certain golf balls with a solid core surrounded by a hard ionomer inner cover layer, and soft thin, soft polyurethane outer cover.  Callaway Golf denies the remaining allegations of paragraph 82 as characterized.

83.     Callaway Golf admits that it has asserted that Acushnet's Pro V1 family of golf balls infringe the Sullivan I and Sullivan II patents.  Otherwise, the allegations in paragraph 83 are denied.  Callaway Golf further states that Acushnet, prior to selling "converted" versions of the Pro V1 golf balls, conceded that its Pro V1 line of golf balls infringed each of the four

Sullivan I patents.

84. Callaway Golf is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84, and on that basis denies them.

85. Callaway Golf admits that in the reexamination of the '130 and '873 patents an examiner has issued a final office action rejecting all claims and closed prosecution. Callaway Golf further answers that the examiner's decision in the '130 case is currently on appeal to the Board of Patent Appeals and Interferences ("Board"), and thus does not represent the agency's final decision on the validity of the patent. Similarly, in the '873 case, the PTO has recently issued a "Right of Appeal Notice" and Callaway Golf intends to file a notice of appeal to the Board in due course. Callaway Golf also denies that the PTO issued "final" office actions in the reexaminations of the '293 and '156 patents. In the '293 and '156 cases, the PTO has only issued an "Action Closing Prosecution" (ACP); those actions are not final until the PTO issues a "Right of Appeal Notice." Callaway Golf further answers that if the PTO issues a Right of Appeal Notice in these reexaminations, then Callaway Golf will appeal the examiner's rulings to the Board. Callaway Golf is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 85, and on that basis denies them as well as the remaining allegations of paragraph 85.

86. Callaway Golf admits that Acushnet has filed reexamination requests with respect to the Sullivan II patents. The remaining allegations of paragraph 86 are denied.

## COUNTERCLAIM I

87. Callaway Golf incorporates herein and realleges its answers to paragraphs 72 though 86 as if fully set forth herein.

88. Callaway Golf admits that it is the assignee and lawful owner of all right, title,

and interest in and to the '633 patent.

89. Callaway Golf admits the allegations in paragraph 89.

90. Denied.

91. Denied.

92. Callaway Golf admits that Acushnet is requesting declaratory judgment that Acushnet does not infringe the claims of the '633 patent and that Acushnet is requesting declaratory judgment that the claims are invalid. Callaway Golf also admits that there is a real and justiciable controversy regarding the infringement and validity of the '633 patent, and otherwise denies the remaining allegations in paragraph 92.

## COUNTERCLAIM II

93. Callaway Golf incorporates herein and realleges its answers to paragraphs 72 through 86 as if fully set forth herein.

94. Callaway Golf admits that it is the assignee and lawful owner of all right, title, and interest in and to the '381 patent.

95. Callaway Golf admits the allegations in paragraph 95.

96. Denied.

97. Denied.

98. Callaway Golf admits that Acushnet is requesting declaratory judgment that Acushnet does not infringe the claims of the '381 patent and that Acushnet is requesting declaratory judgment that the claims are invalid.  Callaway Golf also admits that there is a real and justiciable controversy regarding the infringement and validity of the '381 patent and otherwise denies the remaining allegations in paragraph 98.

In response to Acushnet's Prayer for Relief (inclusive of paragraphs 1 through 7)

Callaway Golf denies that Acushnet is entitled to the relief requested or any other relief.

**CALLAWAY GOLF'S PRAYER FOR RELIEF**

(a)  Dismiss with prejudice Acushnet's counterclaims for declaratory relief;

(b)  Declare that Acushnet has infringed and is infringing the '633 patent;

(c)  Declare that Acushnet has infringed and is infringing the '381 patent;

(d)  Declare that the '633 patent is not invalid;

(e)  Declare that the '381 patent is not invalid;

(f)  Declare that Acushnet, and its successors, assigns, officers, agents, servants, employees, attorneys, and persons in active concert or participation with them, including any affiliated entities, during the term of the patents-in-suit (the '633 and '381 patents), are enjoined from infringing and from inducing, contributing to, or otherwise causing the infringement of the patents-in-suit by making, using, selling, or offering to sell in the United States, or importing into the United States, or by inducing, contributing to, or otherwise causing the performance of any such activities by third parties with regard to, any of the Pro V1 line of golf balls including the converted 2007 and 2009 Pro V1 and Pro V1x golf balls, or any variations thereof not more than colorably different;

(g)  Award Callaway Golf its damages resulting from Acushnet's infringement, including lost profits;

(h)  Declare that this is an exceptional case under 35 U.S.C. § 285;

(i)  Award Callaway Golf treble damages as a result of Acushnet's willful misconduct;

(j)  Accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(k)   Award Callaway Golf its attorneys' fees and such other relief as just.

## JURY DEMAND

Callaway Golf demands a trial by jury.

Dated:  May 11, 2009May 11, 2009   FISH & RICHARDSON P.C.

By: */s/  Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906

Michael J. Kane
3300 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
612-335-5070 Telephone
612-288-9696 Facsimile

Roger A. Denning
John W. Thornburgh
Jennifer K. Bush
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-5070
Fax:  (858) 678-5099

*Attorneys for Plaintiff*
*Callaway Golf Company*

## CERTIFICATE OF SERVICE

I, Thomas L. Halkowski, hereby certify that on May 11, 2009, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on May 11, 2009, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>1313 North Market Street, 6th Floor<br>P.O. Box 951<br>Wilmington, DE  19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | Joseph P. Lavelle<br>Kenneth W. Donnelly<br>Brian A. Rosenthal<br>Howrey LLP - DC<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC  20004<br>lavellej@howrey.com<br>donnellyk@howrey.com<br>rosenthalb@howrey.com |

Henry C. Bunsow
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA  94105
bunsowh@howrey.com

 

                                         */s/ Thomas L. Halkowski*
                                         Thomas L. Halkowski